<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4464**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL ALEXANDER JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:11-cr-00282-JAG-1)

Submitted: December 5, 2012      Decided: December 18, 2012

Before AGEE, DAVIS, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Valencia D. Roberts, Assistant Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Alexander Jones appeals the district court's denial of his motion to suppress the firearm recovered from his car after officers stopped his vehicle, ostensibly because they were suspicious that the car's windows were tinted more darkly than was legal. The district court's legal conclusions underlying a suppression determination are reviewed de novo while its factual findings are reviewed for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). Because the district court denied the motion to suppress, the evidence is construed on appeal in the light most favorable to the government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). We must also "particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted).

Acknowledging that an officer's subjective motivations for initiating a traffic stop are irrelevant to Fourth Amendment analysis, see Whren v. United States, 517 U.S. 806, 813 (1996), Jones in essence contends that the officers' visual estimate that his windows were illegally tinted was nothing more than "an inchoate and unparticularized suspicion or hunch" that his

2

windows were too dark and was therefore an insufficient basis for a stop. United States v. Ortiz, 669 F.3d 439, 444 (4th Cir. 2012) (internal quotation marks omitted). In this respect, Jones relies heavily on our recent decision in United States v. Sowards, 690 F.3d 583 (4th Cir. 2012), in which we held that an officer's uncorroborated visual estimate that a defendant was traveling slightly in excess of the posted speed limit was insufficient to furnish probable cause for a traffic stop absent additional "indicia of reliability that establish, in the totality of the circumstances, the reasonableness of the officer's visual speed estimate." Id. at 592.

We decline Jones' invitation to extend Sowards to this case. In our view, Jones' case is more analogous to our decision in United States v. Mubdi, 691 F.3d 334 (4th Cir. 2012), in which we explained that a traffic stop was properly supported by probable cause where an officer's visual speed estimate was corroborated by a second officer's almost identical visual speed estimate. Id. at 341. We held that "this tandem evidence alone provides sufficient corroboration to support a finding of probable cause, particularly where the record — . . . unlike the one in Sowards — does not cast a shred of doubt on the officers' ability to estimate speed or on the accuracy of their visual estimates." Id.

3

Here, likewise, the detaining officers' visual estimate that Jones' windows were illegally tinted was corroborated by a second officer. Nor does the record demonstrate any reason to doubt either officers' ability to estimate window tint with a reasonable degree of accuracy. Nor can we conclude that the district court clearly erred in finding, upon a review of the relevant video footage, that Jones' windows "did in fact appear to be dark" and were "dark enough" for the officers to "check out."

We therefore conclude that the district court did not clearly err in crediting the officers' assertions that they reasonably believed, based on objective circumstances known to them at the time of the stop, that Jones' windows were potentially illegally tinted. See Mubdi, 691 F.3d at 341. Because the "cumulative information available" to the officers sufficed to give them reasonable, articulable suspicion amounting to more than merely an "inchoate . . . hunch" that Jones was engaged in criminality at the time of his detention, we decline to disturb the district court's suppression ruling. United States v. Branch, 537 F.3d 328, 336-37 (4th Cir. 2008) (internal quotation marks omitted).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED